**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICKY RIMMER-BEY,

        Petitioner,

v.                             CASE NOS. 05-CV-40197
                                  (COMPANION TO 86-40574)
                              HONORABLE PAUL V. GADOLA
BARBARA BOUCHARD,      UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**ORDER TRANSFERRING CASE TO THE SIXTH CIRCUIT**
**COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

Before the Court is petitioner's motion to re-open his petition for writ of habeas corpus pursuant to Federal Rule of Civil Procedure 60(b). Petitioner has previously filed a petition for a writ of habeas corpus challenging his 1976 convictions out of the Detroit Recorder's Court for first-degree felony murder and armed robbery. This prior petition was denied on the merits by the federal district court. *Rimmer-Bey v. Foltz,* U.S.D.C. 86-CV-40574-FL (E.D. Mich. July 21, 1988)(Newblatt, J.); *aff'd* 917 F.2d 25 (Table); 1990 WL 163265 (6th Cir. Aug. 3, 1990). Petitioner has twice attempted to obtain authorization to file a second or successive habeas petition from the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit has both

1

times denied petitioner a certificate of authorization to file a second or successive petition. *In Re Rimmer-Bey,* No. 01-2337 (6th Cir. Mar. 7, 2002); *In Re Rimmer-Bey,* No. 03-1050 (6th Cir. May 13, 2003).

Petitioner has now filed a motion to re-open his prior habeas petition pursuant to Federal Rule of Civil Procedure 60(b), in which he seeks relief from judgment from Judge Newblatt's order denying him habeas relief.[1]  Petitioner contends that he is entitled to relief from the prior judgment denying him habeas relief, based on the United States Supreme Court's decision in *Crawford v. Washington,* 124 S. Ct. 1354 (2004), which petitioner argues should be given retroactive effect to afford him habeas relief on a Confrontation Clause claim that was previously rejected by Judge Newblatt in the prior habeas case.  For the following reasons, the Court has concluded that it must transfer this case to the Sixth Circuit.

## II. Discussion

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA").  Among other changes, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts.  These amendments changed the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of

---

[1] The Clerk's Office assigned petitioner's motion a separate case number, 05-40197-FL.

habeas corpus. The provisions of the AEDPA apply because petitioner filed this motion after the effective date of the AEDPA. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit has approved the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit, regardless of how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). In the present case, petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The United States Supreme Court has recently held that a Rule 60(b) motion for relief from judgment that seeks to advance one or more substantive claims

following the denial of a habeas petition should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* ---- S. Ct. ----; 2005 WL 1469516, *4 (June 23, 2005). Therefore, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Id.* at *5.

In the present case, petitioner's Rule 60(b) motion which seeks to re-open his earlier habeas petition qualifies as a second or successive habeas petition, because it attacks the merits of Judge Newblatt's prior decision based on an alleged change in the substantive law regarding petitioner's Confrontation Clause claim. Petitioner is therefore required to obtain authorization from the Sixth Circuit before he can file a new habeas petition.

Petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was dismissed on the merits. Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition,

it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to **TRANSFER** this case **05-40197** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/Paul V. Gadola
**HON. PAUL V. GADOLA**
UNITED STATES DISTRICT COURT

DATED: June 30, 2005

---

Certificate of Service

I hereby certify that on July 6, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Mike Cox and Rick Rimmer.

s/Julia L. Delling
Julia L. Delling, Case Manager
(810) 341-7845